**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**JOE IOSEFO FELISE, Defendant.**

High Court of American Samoa
Trial Division

CR No. 52-95

July 14, 1997

## ORDER DENYING MOTION TO DISMISS
## PROBATION REVOCATION PROCEEDINGS

Before RICHMOND, Associate Justice, and TAUANU'U, Chief Associate Judge.

Counsel: For Plaintiff, Frederick J. O'Brien, Assistant Attorney General
For Defendant, David P. Vargas, Assistant Public Defender

Defendant Joe Iosefo Felise ("Felise") moves this court to dismiss the proceedings initiated by the American Samoa Government ("ASG") to revoke Felise's probation. The court heard the motion on March 27, 1997. Both counsel and Felise were present.

### Discussion

ASG's motion to revoke probation is premised upon two alleged escapes from confinement during the probation term. Felise's motion is based upon a purported plea agreement which, Felise argues, resulted in prejudicial dismissals in the District Court of ASG's prosecutions of the two alleged escapes. Felise further argues that the plea agreement and prejudicial dismissal prohibits ASG from using the two alleged escapes as grounds for revocation of probation.

On October 8, 1996, ASG initiated Felise's prosecution in the District Court, DCCR No. 127-96, for a third alleged escape. On October 18, 1996, Felise waived the preliminary examination. His counsel stated, and ASG's counsel did not state otherwise, that Felise agreed to the waiver and ASG agreed not to prosecute Felise for the two alleged escapes. This prosecution then proceeded in this court as CR No. 74-96, and on October 22, 1996, a jury trial was scheduled on Felise's not guilty plea.

On November 22, 1996, ASG commenced Felise's prosecution in the District Court, DCCR No. 147-96, for the two alleged escapes. However, on December 2, 1996, the District Court dismissed this complaint on ASG's motion. ASG's counsel prepared a plea agreement for filing in CR No. 74-96, but Felise and his counsel did not sign it. Then, on January 23, 1997, after Felise reiterated his jury trial right, ASG refiled the charges against Felise for the two alleged escapes, DCCR No. 8-97. However, the District Court dismissed this complaint on January 24, 1997, stating that the initial dismissal of the charges in DCCR No. 147-96, on ASG's motion, was with prejudice.

ASG first argues that the proposed plea agreement in CR No. 74-96 was never accepted by the Felise because both Felise and his counsel did not sign the written agreement, and hence, ASG cannot be precluded from

172

using the two alleged escapes as the basis of any prosecutorial purposes. We believe, however, that Felise's waiver of a preliminary examination in the related District Court case, DCCR No. 127-96, is substantial evidence that the plea agreement did indeed exist.

In the alternative, ASG argues that, as set forth in the proposed plea agreement, ASG agreed not to prosecute Felise for the two alleged escapes in return for Felise's waiver of his right to a preliminary examination in DCCR No. 127-96 and Felise's plea of guilty to the third alleged escape charged in that case and in CR No. 74-96. ASG's counsel declares that this was his understanding of the agreement at the time of Felise's waiver of the preliminary examination. ASG asserts that Felise breached that agreement by failing to plead guilty to the third alleged escape charge.

Felise argues that in the plea agreement, he only agreed to waive his right to preliminary examination and ASG agreed not to prosecute the two alleged escapes. Felise states that the plea agreement never contemplated a guilty plea on the third alleged escape charge.

 We find that ASG's interpretation accurately represents the agreement between ASG and Felise.[1] Moreover, ASG specifically reserved the right to present the facts of the two alleged escapes when recommending a sentence for the third alleged escape. Though the plea agreement related to an entirely separate case, nothing in the agreement prevents the ASG from using the facts of the two alleged escapes as the basis to revoke probation in this case. *See U.S. v. Keller*, 902 F.2d 1391, 1393 (9th Cir. 1990).

### Conclusion

ASG has not breached the plea agreement by relying upon the facts of the two alleged escapes in the current motion to revoke Felise's probation. The District Court's dismissals of the prosecutions of the two alleged escapes does not preclude ASG from using those incidents as grounds for probation revocation. Thus, Felise's motion to dismiss is denied.

---

[1] We find Felise's arguments to the contrary unpersuasive. The District Court apparently believed Felise's version of the agreement in dismissing ASG's prosecutions of the two alleged escapes in DCCR Nos. 127-96 and 8-97. This court, however, is not bound by the District Court's determination of this issue, and we disagree with the District Court's analysis. We do not believe that ASG would agree to dismiss two Class D felonies for a waiver of a preliminary examination.

173

The probable cause hearing in the probation revocation proceedings in this action is scheduled before this court on May 30, 1997, at 9:00 a.m.

It is so Ordered.